# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

Eric S. Clark, }
    Plaintiff }
        v. }
Merrick Garland, et al. }
    Defendants }

## EXHIBIT A

EXHIBIT A - AFFIDAVIT of Eric S. Clark (Plaintiff)

## AFFIDAVIT OF Eric S. Clark

I, Eric S. Clark, do attest and affirm under penalty of law that for all times pertinent to the claims in the COMPLAINT filed on April 20, 2023 with the United States District Court for the District of Kansas, make the following true and accurate statements referring to myself as CLARK in the third person (grammatically):

1. CLARK is, and has been, a resident of the State of Kansas for all times pertinent to the claims.
2. CLARK is over the age of 21 years old, and was over the age of 21 years old for all times pertinent to the claims.
3. CLARK is not, and has not been, under indictment for all times pertinent to the claims.
4. CLARK is not, and has not been, a fugitive from justice for all times pertinent to the claims.
5. CLARK is not, and has not been, an unlawful user of or addicted to any controlled substance for all times pertinent to the claims.
6. CLARK does not possess and has not possessed a state issued ATF-qualified alternate permit (i.e., a substitute for a NICS background check) for all times pertinent to the claims.
7. CLARK is not, and has not been, a "prohibited person", as that term applies to the statutes at issue, for all times pertinent to the claims.
8. CLARK intends to engage in future purchases of handguns and appropriate associated ammunition from out of state private parties for use at his home for the purpose of self defense after the date of the filing of this complaint and beyond the final disposition of this case.

9. CLARK, because of residual pain from severe injuries sustained from a fall from a ladder while trimming a tree with a chainsaw on May 16, 2022 also presently intends to become a user of marijuana for potential pain relief in the future including in a State where such use is lawful but is unlawful under Federal law. The State legislature of CLARK's current State of residence has held hearings and committee meetings in review of draft legislature to legalize medical use of marijuana, recognizing that marijuana does have medical benefits despite the contrary claim of federal law that marijuana "has no currently accepted medical use in treatment in the United States." 21 U.S.C. §812(b)(1) (See Schedule I at (c)(10) "Marihuana"). That federal classification effectively results in punishment for marijuana being more harsh than any Schedule II substances such as Fentanyl (See Schedule II at (b)(6)).

10. CLARK sought to purchase a firearm at an FFL on 06/15/2021 and was denied because of the NICS background check as implemented in federal law at 18 U.S.C. §922 (t)(1)(A&B) and; on the Form 4473 used in connection with that attempted purchase, under the heading of "The response initially provided by NICS or the appropriate State agency was:", the FFL checked the checkbox labeled "Denied" after receiving an acknowledgement from the NICS system. The FFL then refused to sell any firearm to CLARK because of that information.

11. CLARK sent a letter dated June 16, 2021 to the FBI appealing that "Denied" determination from the NICS system as then reflected on the

Form 4473by the FFL.

12. CLARK received a letter from the FBI dated August 27, 2021 in response to that appeal which contained in part:

> "we have been able to determine you are eligible to possess or receive a firearm. Your Kansas record has been updated. The FBI's Criminal Justice Information Services (CJIS) Division Firearm-Related Challenge Certificate is enclosed.
>
> You must take this original certificate to the Federal Firearms Licensee (FFL) who initiated your background check through the National Instant Criminal Background Check System (NICS) to complete your transaction. If more than 30 days have elapsed since the initial background check, the FFL must recheck the NICS before allowing the firearm transfer."

And the certificate referenced in that letter contained in part,

"Mr. Clark is eligible to possess or receive a firearm" and

"INITIATION DATE: 2021-06-15".

13. CLARK then sought to purchase the same firearm at the same FFL on 09/15/2021 as he had on 06/15/2021 and was that purchase was delayed because of the NICS background check as implemented in federal law at 18 U.S.C. §922 (t)(1)(A&B) and; on the Form 4473 used in connection with that attempted purchase, under the heading of "The response initially provided by NICS or the appropriate State agency was:", the FFL checked the checkbox labeled "Delayed" after receiving an acknowledgement from the NICS system. The FFL then refused to sell any firearm to CLARK because of that information but the FFL also indicated that CLARK could purchase the firearm on

or after 09/21/2021 (which was also reflected on the Form 4473 by the FFL).

14. On an earlier occasion, CLARK sought to purchase the a firearm on 08/16/2018 and was that purchase was delayed because of the NICS background check as implemented in federal law at 18 U.S.C. §922 (t)(1)(A&B) and; on the Form 4473 used in connection with that attempted purchase, under the heading of "The response initially provided by NICS or the appropriate State agency was:", the FFL checked the checkbox labeled "Delayed" after receiving an acknowledgement from the NICS system. The FFL then refused to sell any firearm to CLARK because of that information but the FFL also indicated that CLARK could purchase the firearm on or after 08/22/2018 (which was also reflected on the Form 4473 by the FFL). But then, the "Delayed" was changed to "Denied" on 08/21/2018 and CLARK was informed of the new denial status by the FFL. Then, presumably, the status was changed again to "Proceed" at an unknown time – "presumed" because after inquiry concerning the denial on 08/22/2018 regarding NTN 100PN8CT4, CLARK received a response from the FBI dated 08/24/2018 indicating they had no information concerning the transaction and also stated:

> "Please be advised, the NICS is required to destroy all proceeded transactions within 24 hours of providing the final status to the Federal Firearms Licensee. Likewise, the NICS is required to destroy delayed transactions within 88 days from the date the transaction was initiated. It is possible your transaction fits in one of these two categories."

As there was no information available and it had not yet been 88 days, it is reasonable to presume that the status was changed to "Proceed". After this, on 09/20/2018, CLARK again sought to purchase the same firearm as was attempted on 08/16/2018 and that purchase was delayed because of the NICS background check as implemented in federal law at 18 U.S.C. §922 (t)(1)(A&B) and; on the Form 4473 used in connection with that attempted purchase, under the heading of "The response initially provided by NICS or the appropriate State agency was:", the FFL checked the checkbox labeled "Delayed" after receiving an acknowledgement from the NICS system. The FFL then refused to sell any firearm to CLARK but the FFL also indicated that CLARK could purchase the firearm on or after 09/26/2018 (which was also reflected on the Form 4473 by the FFL).

15. CLARK has previously been denied several times and delayed numerous times from being able to purchase and transfer firearms at various FFLs, including other delays of over 180 days, because of the NICS background check as implemented in federal law at 18 U.S.C. §922 (t)(1)(A&B) including attempts to purchase a firearm on 02/08/2016 (Delayed and then Denied and then reversal certificate sent 08/29/2016, i.e. over a six month delay), on 07/17/2019, 01/26/2023, and 3/8/2023, each time Delayed. This is not an all inclusive list but exemplary of the situation CLARK faces in relation to burden on his right to keep and bear arms because of the operation of the NICS background check system and requirements in federal law to apply that actions to CLARK's attempts

to purchase or transfer a firearm.

16. CLARK is frequently delayed or denied under the NICS system even though he has received multiple letters from the FBI reversing "Denied" determinations which specifically state that CLARK is eligible to purchase a firearm. One such letter was dated August 29, 2016 from NICS Section, CJIS Division which contains in part :

> "We have been able to determine <u>you are eligible to possess or receive a firearm</u>. The FBI Criminal Justice Information Services (CJIS) Division's NICS Section Firearm Appeal Certificate is enclosed." (underline in original)

And the Certificate referenced in that letter contained in part,

"Mr. Clark is eligible to possess and receive a firearm" and

"INITIATION DATE: February 8, 2016"

17. The FFLs at whose locations CLARK has been subjected to NICS background checks were open to the public at all times pertinent to the claims.

18. In January or February of 2023, CLARK sought to acquire a firearm (long gun - shotgun) for use of lawful self defense from an FFL but terminated that purchase attempt when informed that a deposit was required before the NICS check (as required by 18 U.S.C. §922(t)) would be performed and informed that if the FFL received a "Denied" acknowledgement response from NICS then CLARK would be required to pay a processing fee of $50.00.

19. On April 5, 2023, prior to attempting to purchase a firearm, when asked, the FFL indicated that unless Questions 21(b) and 21(c) were answered

in a particular way (implication was if not answered in the negative), then the FFL would not conduct the NICS background check or sell any firearm to CLARK.

20. CLARK intends to become a user of marijuana for potential pain relief in the near future including use of the substance in a State where such use is lawful but that use is unlawful under Federal law.

21. CLARK has intent to engage in conduct of restoring a rusty firearm that can be purchased outside of CLARK's State of residence that will require CLARK to remove or alter or obliterate the rusty firearm's manufacturer's serial number in order to safely use the firearm for the purpose of self defense in his home.

I, Eric S. Clark, by my signature below, do attest and affirm under penalty of law that the statements made herein are true and accurate.

SIGNATURE: _____   DATE: 4/20/2023