IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC S. CLARK,<br>Plaintiff,<br>   v.<br>MERRICK GARLAND, *et. al.*<br>Defendants. | )<br>)<br>)  Case No. 23-2170-JAR-RES<br>)<br>)<br>) |

## ATTACHMENT 1

Complaint of District of Kansas case 5:16-cv-04037-SAC-KGS  pp. 3-4

Case 2:23-cv-02170-JAR-RES   Document 13-1   Filed 08/23/23   Page 2 of 3
Case 5:16-cv-04037-SAC-KGS   Document 1   Filed 04/20/16   Page 3 of 17

COMPLAINT | 3

violence.

8. Plaintiff Clark was involved in an automobile collision in which an occupant of one of the vehicles involved was killed and Plaintiff Clark was subsequently convicted of a felony under Kansas Statutes Annotated (K.S.A.)21-3442 INVOLUNTARY MANSLAUGHTER-DUI which required no criminal intent. Plaintiff Clark had tested negative for alcohol but had been taking lawfully prescribed medication.

9. Plaintiff Clark's conviction occurred on February 24, 2003 and he was sentenced to jail on April 25, 2003 with docket entries indicating "GRANTED TO/FOR DISPOSITIONAL DEPARTURE,DEFENDANT SENTENCED TO CUSTODY OF SECRETARY" and "10 DAYS" and "CREDIT TIME SERVED 2D" and the written Journal Entry was filed on May 5, 2003 (See Johnson County, Kansas case information at Exhibit A).

10. On May 4, 2003, Clark was *released from imprisonment* (See email from Johnson County Sheriff's Office at Exhibit B) and subsequently completed probation without incident.

11. Well over ten years later, on October 23, 2014, Plaintiff Clark attempted to redeem (transfer) a particular handgun for use as self defense. That firearm had been shipped to an FFL and; the FFL performed a NICS check as required by Defendant's policy and then denied redemption of the firearm by Plaintiff Clark based on the moving force of that policy.

12. Plaintiff Clark appealed that denial by letter dated October 30, 2014 (See Exhibit C). Enclosed with that appeal letter was a copy of a letter dated

Case 2:23-cv-02170-JAR-RES   Document 13-1   Filed 08/23/23   Page 3 of 3
Case 5:16-cv-04037-SAC-KGS   Document 1   Filed 04/20/16   Page 4 of 17

COMPLAINT | 4

May 29, 2014 which had been sent to Plaintiff Clark from Defendant Lynch by way of her agents within the U.S. Department of Justice, Federal Bureau of Investigation, NICS section, CJIS division (See Exhibit D) which indicated that "we have been able to determine <u>you are eligible to purchase or redeem a firearm</u>. [...] Firearm Appeal Certificate is enclosed."

13. Defendant responded by letter dated November 5, 2014 indicating that "Your transaction's federal prohibition is under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1) [...] your appeal has been forwarded for further processing" (See Exhibit E).

14. Defendant later responded by letter dated January 15, 2015 completing the appeal process afforded by the policy by affirming the denial of the October 23, 2014 attempt to redeem a firearm by Plaintiff Clark (See Exhibit F).

15. Plaintiff Clark made further inquires of the Defendant including by way of letter dated August 24, 2015 (See Exhibit G) and a Freedom of Information Act ("FOIA") request dated November 21, 2015 (See Exhibit H) but those received no response to date (which means Defendant is also in violation of the Freedom of Information Act).

16. Plaintiff Clark has submitted to *multiple other* NICS checks since May 5, 2013 and prior to October 23, 2014 which the Defendant did not issue a denial, save one which occurred sometime shortly before April 3, 2014 and for which