IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC S. CLARK, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>MERRICK GARLAND, in his )<br>official and personal capacity as U.S. )<br>Attorney General, *et. al.* )<br>)<br>        Defendants. )<br>) | Case No. 2:23-cv-02170-JAR-RES |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

The United States, on behalf of Attorney General Garland, submits this reply in further support of his motion to dismiss.

**INTRODUCTION**

In this matter, Plaintiff contends that the following statutory provisions are unconstitutional infringements on his rights under the Second Amendment: (1) 18 U.S.C. § 922(t)—requiring Federal Firearm Licensees (FFLs) to conduct background checks before transferring a firearm to a non-licensee; (2) 18 U.S.C. § 922(g)(3)—prohibiting "unlawful user[s] of . . . any controlled substance" as defined in the Controlled Substances Act (CSA), from possessing firearms[1]; and (3) 18 U.S.C. § 922(k)—restricting persons from obliterating or altering firearm serial numbers. (Doc. 1). The relief Plaintiff seeks, however, is much broader than merely redressing these specific

---

[1] Plaintiff also contends that ATF Form 4473, which is used to conduct the background check required by § 922(t), is unconstitutional because it allegedly requires answers to incriminatory questions.

alleged constitutional violations. Instead, Plaintiff insists that this Court declare that the "entirety of 18 U.SC. § 922" is facially unconstitutional. (Doc. 1, pgs. 6-7).

On August 21, 2023, Defendant filed a motion to dismiss Plaintiff's claims in this matter because (1) the Court lacked subject matter jurisdiction as Plaintiff had failed to identify a specific waiver of the United States's sovereign immunity to support his claims; (2) Plaintiff lacks standing to assert the claims brought in the matter; and (3) the statutes that Plaintiff challenges do not violate the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129-30 (2022).

Plaintiff filed his response two days later. (Doc. 13). Plaintiff does not address Defendant's argument that the Court lacks subject matter jurisdiction to entertain this matter. Rather, Plaintiff mostly repeats his attenuated argument that he intends to some day engage in certain actions that may violate the challenged statutes. (Doc. 13, pgs. 3-11). Plaintiff also attempts to rebut Defendant's argument that the government's background check requirement and the attendant delay (however minimal) are constitutionally permissible under *Bruen*. (Doc. 13, pgs. 11-13).[2]

As discussed below, Plaintiff's arguments in response are not sufficient to overcome Defendant's motion to dismiss.

### ARGUMENT AND AUTHORITIES

**1.      Plaintiff does not have standing to bring the claims in this matter.**

---

[2] Plaintiff concludes his response with an argument that 18 U.S.C. § 922(g)(3) is unconstitutionally vague and ambiguous. That issue, however, is not properly before the Court as Plaintiff did not make such a claim in his Complaint. And as Defendant noted in his motion to dismiss, Plaintiff bases his attenuated standing argument on the basis that he "presently intends to become a user of marijuana." (Doc. 12, pg. 28, fn. 14). Thus, whether § 922(g)(3) is vague is not necessary for this Court to decide.

In his opening memorandum, Defendant argued that Plaintiff lacks standing to bring the claims in this matter. As to Plaintiff's claim that § 922(t) is unconstitutional, the claim is moot because all of Plaintiff's transactions since June 15, 2021 have been proceeded within 24 hours And Plaintiff does not allege in this matter (or in his response) that he has any pending transactions. (Doc. 12, pgs. 19-20). As to Plaintiff's claim that §§ 922(g)(3) and (k) are unconstitutional, Plaintiff has not alleged an actual or imminent injury. (Doc. 12, pgs. 20-22).

In response, Plaintiff merely repeats his some day intentions to engage in conduct that may violate the statutes he seeks to challenge in this case—all of which are thinly veiled attempts to artificially confer standing. *See, e.g.*, (Doc. 13, pg. 4) (Plaintiff may purchase another firearm in the future and it "takes more time than an evildoer needs to enter the FFL establishment and cause a need for [Plaintiff] to engage in armed self-defense."); (Doc. 13, pg. 7) (Plaintiff intends at a unknown future date to travel to Colorado to become a "user" under § 922(g)(3)); (Doc., 13, pg. 9) (Plaintiff "*would* restore a rusty firearm that *can be* purchased outside of [Plaintiff's] state of residence that will require Clark to remove or alter or obliterate" the serial number in order to safely use the firearm) (emphasis added).

These mere intentions to engage in "conduct arguably affected with a constitutional interest" with an alleged credible threat of prosecution are not sufficient to confer standing outside of the First Amendment context. *Cf. Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022) ("[T]he First Amendment context creates unique interests that lead us to apply the standing requirements somewhat more leniently, facilitating pre-enforcement suits.");*but see Brady Campaign to Prevent Gun Violence v. Brownback*, 110 F. Supp. 3d 1086, 1099 (D. Kan. 2015) (applying "credible threat" standard from *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), which was a First

Amendment case). Instead, a plaintiff in this context must show that the alleged injury is "certainly impending" by demonstrating actual concrete, nonconjectural plans:

> a plaintiff must set forth concrete plans to perform, in the near future, the conduct that would subject him to the threatened injury. Where a plaintiff alleges mere some day intentions to engage in certain conduct, without any specification of when the some day will be, any future harm that might flow from that conduct is necessarily conjectural or hypothetical rather than imminent. . . The "mere existence of a statute," or even an official's general statement that the government intends to enforce a statutory prohibition against the public, is ordinarily insufficient to establish an imminent threat of prosecution as to a particular plaintiff.

*Brady Campaign to Prevent Gun Violence*, 110 F. Supp. 3d at 1097 (citations and quotation omitted).

Here, Plaintiff's intentions to some day find and purchase an unidentified rusty firearm that would just happen to require Plaintiff to obliterate or alter its serial number or to some day travel to Colorado to become a marijuana user or to some day in the future initiate another firearm purchase are not "concrete" by any measure. Plaintiff does not specify when he might engage in certain conduct—other than sometime after the Court rules in his favor. Plaintiff does not identify any "rusty firearm" he is contemplating purchasing or why he would need to obliterate its serial number in order to make it safe for use. And Plaintiff provides the Court with no concrete or particularized plans to travel to Colorado for the sole purpose of becoming a "user" under 922(g)(3) such that the Court might infer an actual or imminent injury. Thus, as argued in Defendant's opening memorandum, Plaintiff lacks standing to bring his claims in this matter.

2. **The Supreme Court acknowledged the facial constitutionality of objective licensing requirements such as background checks.**

"Properly interpreted, the Second Amendment allows a 'variety' of gun regulations." *Bruen*, 142 S. Ct. at 2162 (citing *D.C. v. Heller*, 554 U.S. 570, 636 (2008)). Included among these

"constitutionally permissible" regulations are licensing regimes that may require an applicant to undergo background and mental health check. *Id*. This is subject only to an as-applied challenge that the shall-issue regime fails to operate properly in practice. *Id*.

Plaintiff attempts to shrug off this clear statement by the Supreme Court by declaring that Justice Kavanaugh's (joined by Chief Justice Roberts) narrowing concurrence holds no precedent. Plaintiff is mistaken. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" *Marks v. United States*, 430 U.S. 188, 193 (1977).

Here, *Bruen* is a six Justice opinion narrowed by a two Justice concurrence authored by Justice Kavanaugh, with whom the Chief Justice joined. *See Bruen*, 142 S. Ct. at 2161 ("I write separately to underscore two important points about the limits of the Court's decision."). Thus, the Court may view Justice Kavanaugh's concurrence as the holding of the Supreme Court in *Bruen*. And even if that were not the case, Justice Thomas also recognized in the opinion of the Court that "shall issue" licensing regimes, which often require background checks and safety courses, do not necessarily prevent "law-abiding, responsible citizens" from exercising their Second Amendment right to public carry. *Id.* at 2138, n. 9. This is because, as Justice Thomas explained, "shall-issue regimes. . . are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'" *Id.*

## CONCLUSION

For the reasons stated above and in Defendant's opening memorandum, Defendant respectfully requests that the Court grant his motion to dismiss.

Respectfully Submitted,

KATE E. BRUBACHER
United States Attorney
District of Kansas

*s/ Brian E. Vanorsby*
Brian E. Vanorsby, KS #27606
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Office: 316.269.6481 Fax: 316.269.6484
E-mail: brian.vanorsby@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to

Eric S. Clark
Pro Se Plaintiff

*s/ Brian E. Vanorsby*
Brian E. Vanorsby
Assistant United States Attorney