IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC S. CLARK, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>MERRICK GARLAND, in his )<br>official and personal capacity as U.S. )<br>Attorney General, *et. al.* )<br>)<br>      Defendants. )<br>) | Case No. 2:23-cv-02170-JAR-RES |

### RESPONSE TO PLAINTIFF'S FIRST AND SECOND MOTION FOR LEAVE TO AMEND

The United States, on behalf of Attorney General Garland, respectfully submits this memorandum in opposition to Plaintiff Eric S. Clark's First and Second Motions for Leave to Amend. (Docs. 27 & 28). Defendant respectfully requests that the Court deny Clark's motion for two reasons. First, Clark's motion is premature. Second, even if it weren't premature, Clark failed to comply with the District of Kansas local rules governing motions for leave to amend.

#### INTRODUCTION AND BACKGROUND

Clark filed this action on April 20, 2023, seeking relief under the Declaratory Judgment Act (DJA), 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for what he contends are violations of his Second Amendment rights. *See* (Doc. 1, pgs. 3-5).[1] Defendant moved to dismiss Clark's Complaint because: (1) Clark's

---

[1] Frankly, Clark's Complaint is more akin to a legal brief than the short and plain statement of relief contemplated by Fed. R. Civ. P. 8.

claims were barred by sovereign immunity; (2) Clark lacked standing to bring his claims; and (3) for multiple reasons Clark had failed to state a claim upon which relief may be granted. (Doc. 12). Clark filed a response in opposition. (Doc. 13).

On January 16, 2024, this Court entered a Memorandum and Order granting Defendant's Motion to Dismiss and entered judgment in his favor. (Docs. 22 & 23). Following the entry of judgment, Clark filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 25). That motion is still pending. Clark also filed two motions for leave to amend his Complaint. (Docs. 27 & 28).

In the first motion, Clark seeks leave to amend to remove a cause of action, to add factual allegations concerning an alleged event occurring *after* entry of the judgment in this case, to remove the phrase "compensatory damages," and to "add some commentary or analysis" regarding equitable relief and injunctions. (Doc. 27). In the second motion, Clark seeks to add a *newly asserted* claim for relief under the Administrative Procedures Act and to add some general language regarding venue, costs, and the capacity in which he is suing Attorney General Garland. (Doc. 28).

    **A.**    **Clark's Motion to Amend should be denied as premature.**

Under Tenth Circuit law, a court "may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to [Rule] 59(e) or 60(b)." *Combs v. PriceWaterhouseCoopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) (citation omitted). "Moreover, even though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so requires,' 'this presumption is reversed in cases, such as here, where a plaintiff seeks to amend

a complaint after judgment has been entered and a case has been dismissed.'" *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005).

The Court has entered judgment in this case, and that judgment has not been set aside. Thus, the Court may not entertain Clark's belated motions to amend. And even if it could, there would be no reason for the Court to bless Clark's wait-and-see approach by allowing leave to amend. Indeed, Judge Teeter recently condemned this "wait-and-see" approach as inefficient because it "creates unnecessary work for the opposing party and the courts" and turns "issued opinions into advisory opinions." *Willard v. Mayorkas*, No. 2:21-CV-2538-HLT-GEB, 2022 WL 21778523, at *3 (D. Kan. Aug. 19, 2022). Our courts have also made clear that a litigant should not be allowed to use Fed. R. Civ. P. 15(a) to turn a Complaint into a "moving target." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

> **B.    Even if Clark's motion were not premature, it should be denied for failure to comply with D. Kan. Rule 15.1.**

"Plaintiffs are not excused from following procedural rules—including local rules—simply because they choose to proceed pro se." *Sallaj v. Feiner*, No. 23-CV-01172-EFM-BGS, 2024 WL 112303, at *2 (D. Kan. Jan. 10, 2024) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

Here, the District of Kansas local rules require that a party seeking leave to amend must set forth a concise statement of the amendment or leave sought and attach the proposed pleading or other document. Clark has not done so here. Thus, even if the Court were able to entertain his motion, it should be denied.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court deny Clark's Motions for Leave to Amend.

        Respectfully Submitted,

        KATE E. BRUBACHER
        United States Attorney
        District of Kansas

        *s/ Brian E. Vanorsby*
        Brian E. Vanorsby, KS #27606
        Assistant United States Attorney
        United States Attorney's Office
        District of Kansas
        1200 Epic Center, 301 N. Main
        Wichita, Kansas 67202
        Office: 316.269.6481 Fax: 316.269.6484
        E-mail: brian.vanorsby@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to

    Eric S. Clark
    Pro Se Plaintiff

        *s/ Brian E. Vanorsby*
        Brian E. Vanorsby
        Assistant United States Attorney