# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC S. CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 2:23-cv-02170-JAR-RES |
| MERRICK GARLAND, in his official and personal capacity as U.S. Attorney General, *et. al.* | ) ) ) ) |
| Defendants. | ) ) ) |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The United States, on behalf of Attorney General Garland, submits this response in opposition to Plaintiff Eric S. Clark's Motion to Set Aside Judgment.

### INTRODUCTION AND RELEVANT BACKGROUND

Clark filed this action on April 20, 2023 seeking relief under the Declaratory Judgment Act (DJA), 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for what he contends are violations of his Second Amendment rights. *See* (Doc. 1, pgs. 3-5).[1] Defendant moved to dismiss Clark's Complaint because: (1) Clark's claims were barred by sovereign immunity; (2) Clark lacked standing to bring his claims; and (3) for multiple reasons Clark had failed to state a claim upon which relief may be granted. (Doc. 12).

On January 16, 2023, this Court entered an Order granting Defendant's Motion to Dismiss and entered judgment in Defendant's favor. Three days later, Clark filed the instant Motion to Set Aside Judgement pursuant to Fed. R. Civ. P. 60(b)(1), (b)(2), and (b)(3). (Doc. 25). In the instant

---

[1] Frankly, Clark's Complaint is more akin to a legal brief than the short and plain statement of relief contemplated by Fed. R. Civ. P. 8.

motion, Clark generally argues that the Court committed reversible error: (1) "insofar that it applied sovereign immunity" to his personal capacity claims; (2) because it either "misapprehended" the delay upon which he bases his claim or made a "merits decision" on a motion to dismiss; (3) because it concluded that he failed to state a claim under *Bivens* or the DJA; and (4) by failing to grant him leave to amend his Complaint.[2]

As discussed below, Clark's motion should be denied for five reasons. First, Clark's motion is an improper rehashing of arguments and facts that he either presented or could have presented in response to Defendant's Motion to Dismiss. Second, the Court correctly applied the principles of sovereign immunity to Clark's claims to find that his claims for retrospective injunctive and declaratory relief are barred. Third, the Court correctly found that Clark does not have standing related to the past or future conduct as alleged in his Complaint. Fourth, the Court was correct in concluding that *Bivens* does not extend to claims for alleged violations of the Second Amendment and, therefore, that Clark's DJA is not viable. Fifth, the Court could not have possibly erred in failing to grant Clark leave to amend as he never sought leave to amend and leave to amend would be futile because no set of facts can save his substantive claims for relief under *Bivens*.

## ARGUMENTS AND AUTHORITIES

**A.   Legal Standard**

  ***1.   Fed. R. Civ. P. 60(b)***

"Rule 60(b) is not a substitute for appeal" *Barthelman v. Colvin*, No. CIV. 12-1349-JAR, 2014 WL 3721982, at *2 (D. Kan. July 25, 2014). Thus, relief under Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument

---

[2] Clark also ostensibly argues that the Court violated his right to due process by deciding an issue *sua sponte* while also citing to an unpublished opinion. (Doc. 25, pg. 28). Clark, however, never identifies the issue to which he refers or how this alleged due process violation might serve as a basis for reconsideration.

merely advances new arguments or supporting facts which were available for presentation at the time of the original argument because a Rule 60(b) motion is not a substitute for appeal." *Id*. (citation and quotation omitted). Moreover, relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency*, 231 F.3d 694, 697 (10th Cir. 2000).

### 2. Fed. R. Civ. P. 59(e)

Although the *pro se* Plaintiff styled his motion as one seeking relief from judgment under Fed. R. Civ. P. 60(b), Clark's motion primarily argues that the Court misapprehended his claim, the controlling law, or in one instance that he now has new evidence available to him to support his claims. Thus, the Court may liberally construe his motion as a motion to reconsider under Fed. R. Civ. P. 59(e) given that it was filed within 28 days of the judgment. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (If a motion is timely under both rules, how we construe it depends upon the reasons expressed by the movant.").

"[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006)). As a result, the Tenth Circuit has "restricted district courts' discretion when ruling on motions based on Rule 59(e)." *Id*. Such motions may only be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). To obtain relief under Rule 59(e), a movant must show "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3.

3

**B.     The Court should deny Clark's motion because it is little more than a rehashing of the arguments that the Court has already considered and rejected.**

Clark's motion is little more than a rehashing or "dressing up" of the arguments that this Court already considered and rejected. It is well-settled, however, that a Rule 59(e) motion "is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010); *see also Coffeyville Res. Ref. & Mktg, LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) ("[I]t is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing."). Rather, "parties must present their best arguments in the first instance." *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2007 WL 608343, at *9 (D. Kan. Feb. 22, 2007).

Accordingly, because Plaintiff's motion is improper, it should be denied. To the extent necessary, however, Clark's motion should also be denied for the reasons below.

**C.     The Court did not err in applying sovereign immunity to Clark's claims.**

Clark argues that the Court erred "insofar as it applied sovereign immunity to the defendants who were sued in their personal capacity." (Doc. 25, pg. 3). That, however, is not what the Court held. Rather, the Court held that sovereign immunity barred Clark's "claims for monetary damages and for retrospective injunctive and declaratory relief against *the United States*" because the *Ex parte Young* exception only applies to prospective relief and "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." (Doc. 22, pgs. 7-8) (emphasis added). Noticeably, Clark takes no issue with this conclusion.

Clark may be suggesting, however, that he is able to obtain injunctive and/or declaratory relief against Attorney General Garland in his personal capacity. [3] Not so. As the Court reflected,

---

[3] Although Clark has named six "unknown" government agents, Attorney General Garland is presently the only party

4

suits for "specific relief, e.g., injunctive or declaratory relief, against a named officer of the United States" are generally deemed to be a suit against the United States. (Doc. 22, pg. 7). That is because such a suit is, in substance, a suit against the United States:

> For the sovereign can act only through agents and, when an agent's actions are restrained, the sovereign itself may, through him, be restrained. . . . In each such case the compulsion which the court is asked to impose, may be compulsion against the sovereign, although nominally directed against the individual officer. If it is, then the suit is barred not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction.

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687–88 (1949).

Therefore, to the extent that Clark seeks retrospective declaratory and/or injunctive relief against Attorney General Garland in his personal capacity, such a suit is barred by sovereign immunity. Thus, the Court did not err in applying the principles of sovereign immunity to Clark's claims.

**D.  The Court correctly held that Clark lacks standing to bring the claims asserted in his Complaint.**

The "irreducible constitutional minimum" of standing requires three elements: Plaintiff must have (1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Nova Health Sys. v. Gandy,* 416 F.3d 1149 (10th Cir. 2005) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

An injury in fact must show "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1154. To be

---

defendant in this matter. *See Felders v. Bairett*, 885 F.3d 646, 652 (10th Cir. 2018) ("[O]ne becomes a party officially ... only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

concrete, the "injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). To be particularized, an injury "must affect the plaintiff in a personal and individual way." *Id.* at 339. An injury is "fairly traceable" when it is "not the result of the independent action of some third party not before the court." *Nova Health Sys.,* 416 F.3d at 1156. Lastly, a redressable injury means that it cannot be merely speculative that, if a court grants the requested relief, at least some injury will be redressed. *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 902 (10th Cir. 2012).

> **1.   *The Court did not err in concluding that Clark lacks standing to bring a claim related to his past firearm purchase delays and, even if it had, the outcome would be the same.***

In the instant motion, Clark argues that the Court's Order evidences a "misapprehension" among the terms "delay/delays/delayed." (Doc. 25, pg. 4). According to Clark, the Court incorrectly interpreted his claim as being related to Clark receiving a "delay" response during the background check. (Doc. 25, pgs. 4-5). Instead, according to Clark, the "central basis" for his claim is that "[d]elays for periods of time above 'zero time'" alone make 18 U.S.C. § 922(t) unconstitutional. (Doc. 25, pg. 6).

Defendant sees no "misapprehension" in the Court's Order given its express conclusion "that the delays in Plaintiff's firearm purchases, standing alone, do not constitute concrete injuries." (Doc. 22, pg. 11). Clark may take issue with the Court's holding, but that he disagrees with the holding is not evidence that the Court misapprehended the parties' positions or the facts.

All of that being said, any alleged error would not change the result here. As the Court correctly concluded, Clark's claims for retrospective relief are barred by sovereign immunity and he does not have a viable *Bivens* remedy. Thus, even if Clark had standing, his claim would still be subject to dismissal.

6

### 2. *The Court correctly concluded that Clark lacks standing to bring a claim related to his future conduct.*

As to Clark's future conduct, the Court found that Clark failed to allege a credible threat of prosecution. "A credible threat is one that is well-founded and not imaginary or wholly speculative." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotation marks and citations omitted).

Here, the Court's conclusion was correct and, again, even if it weren't the outcome of this matter would be the same.

First, the Court found that Clark's Complaint and the documents attached thereto—all of which are appropriate to consider on a motion to dismiss—undercut his claim of credible prosecution. (Doc. 22, pg. 12). Those documents make clear that Clark has been able to proceed with his firearm purchases and that every attempt Clark made to appeal a "denial" was granted. Those documents also show that Clark has been provided an avenue to reduce any risk that he may have if his firearm purchase is delayed. As Clark admits, he did not avail himself of this avenue. (Doc. 25, pg. 11).

The Court was also correct to conclude that Clark cannot show a "credible threat of prosecution" for a more fundamental reason—§ 922(t) concerns a *federal firearm licensee's* obligation to conduct a background check through the NICS. Clark has not alleged in his Complaint or in his motion that he holds an FFL or that he holds some affirmative obligation under § 922(t). Absent any such allegations, Clark cannot reasonably assert a credible threat of prosecution against him under that statutory provision.

Second, the Court found that Clark failed to allege a credible threat of prosecution under § 922(g)(3) because, as Clark admits, he has not yet purchased a controlled substance in a state where it is legal, and he failed to allege that there was past or future enforcement of this statutory

7

provision against him. (Doc. 22, pg. 12). In other words, Clark hasn't alleged the type of "personal stake" required to warrant the invocation of this Court's jurisdiction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The Court's conclusion was correct. Clark readily admits he has not yet purchased a controlled substance. And the Complaint does not contain any allegation of past or future enforcement of this statutory provision against him. Nor does Clark identify any such allegation in his Motion for Relief from Judgment.

Third, the Court found that Clark failed to allege a credible threat of prosecution under § 922(k) because, according to the Complaint, he has not yet purchased any firearm for which he would need to obliterate a serial number. (Doc. 22, pg. 13). Clark also, again, failed to allege in his Complaint that there was some past or future enforcement of this statutory provision against him. Again, the Court's conclusion is correct. The Complaint does not contain any allegation of past or future enforcement of this statutory provision against him. Nor does Clark identify any such allegation in his Motion for Relief from Judgment.

Again, however, any alleged error would not change the result here. Clark's claims for retrospective relief are barred by sovereign immunity and he does not have a viable *Bivens* remedy. Thus, even if Clark had standing, his claim would still be subject to dismissal.[4]

**E.   The Court did not err in holding that Clark had failed to state a claim upon which relief may be granted under *Bivens* or the Declaratory Judgment Act.**

Although Clark does not have standing in this case, this Court also held that Clark failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, *Bivens*, 403 U.S. 388, or the Declaratory Judgment Act (DJA). (Doc. 22, pgs. 15-18). Clark concedes § 1983 "is not an

---

[4] As Defendant argued in his Motion to Dismiss, Clark's claims also fail on the merits. Indeed, Judge Crabtree recently "joined the overwhelming majority of courts" in holding the 18 U.S.C. § 922(g)(3) is constitutional under *Bruen* and is not unconstitutionally vague. *See United States v. Davey*, No. 23-20006-01-DDC, 2024 WL 340763, at *6 (D. Kan. Jan. 30, 2024).

available avenue for relief." (Doc. 25, pg. 15). Clark argues, however, that the Court erred in holding that he cannot state a claim for relief under *Bivens* or the DJA. (*Id*.).

### 1. *The Court did not err in concluding that Clark lacks an available Bivens remedy.*

"[E]xpanding *Bivens* is not just a disfavored judicial activity, it is an action that is impermissible in virtually all circumstances." *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (citations and quotations omitted). Thus, "[w]hen asked to imply a *Bivens* action, our watchword is caution. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, the courts must refrain from creating it." *Egbert v. Boule*, 596 U.S. 482, 491 (2022).

Under this approach, the Court's analysis of a proposed *Bivens* claim proceeds in two steps. *Id*. at 492. First, the Court asks: "the case presents 'a new *Bivens* context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id*. Second, if the case is different—in other words if the "context is new"—then a court asks if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Id*. If so, "a *Bivens* remedy is unavailable." *Id*.

Here, whether Clark lacks an available *Bivens* remedy is not a close call. There is no question that extending a *Bivens* remedy to alleged Second Amendment violations presents a new context. Indeed, "*Bivens* has never been extended to violations of the Second Amendment, by any court." *Cronk v. FBI*, No. 4:22 CV 51, 2023 WL 6064925, at *2 (N.D. Ind. Sept. 18, 2023); *See also e.g.*, *Meeks v. Larsen*, 611 F, App'x 277, 285-86 (6th Cir. 2015); *Fisher v. Bureau of Alcohol, Tobacco & Firearms*, No. 22-CV-6440-CJS, 2023 WL 2082552, at *12 (W.D.N.Y. Feb. 17, 2023).

9

Moreover, as this Court recognized, there are at least two special factors counseling against extending a remedy in this case.

First, the Supreme Court recognizes that the existence of an alternative remedial structure "'alone,' like any special factor is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Egbert*, 596 U.S. at 493 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017)). "So long as Congress *or the Executive* has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* at 498 (emphasis added).

Here, as the Court recognized, the Executive *has* provided an alternative remedial structure. (Doc. 22, pg. 17). Clark takes some issue with the sufficiency of this remedial structure stating that it "offers no relief at all." (Doc. 25, pg. 20-21) But the Supreme Court has made clear that the relevant question before the Court is not whether the Court "should provide for a wrong that would otherwise go unredressed," or that the "existing remedies do not provide complete relief." *Egbert*, 596 U.S. at 493. "[T]he court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy." *Id*. In all but the "most unusual cases," the answer is Congress. *Id.* at 486; *see also Id.* at 503 ("Weighing the costs and benefits of new laws is the bread and butter of legislative committees. It has no place in federal courts charged with deciding cases and controversies under existing law.").

Second, if congressional interest in the relevant area has been "frequent and intense," yet Congress never created an individual-capacity damages remedy, this suggests that Congress may disfavor the Judiciary creating one itself. *See Ziglar*, 137 S. Ct. at 1862 (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988)).

Here, Congress has legislated extensively in this arena. Despite this extensive involvement, however, Congress has never opted to create a cause of action that lets individuals sue federal officials in their individual capacity for alleged Second Amendment violations. When Congress has legislated extensively on a topic but declined to create a damages remedy, "the silence of Congress is relevant" and suggests an intent *not* to create such a remedy. *See Ziglar*, 137 S. Ct. at 1862. At minimum, however, Congress' silence counsels hesitation and presents an uncertainty that "alone is a special factor that forecloses relief." *Egbert*, 596 U.S. at 493.

Accordingly, because there are special factors indicating that Congress is better suited than the Judiciary to weigh the costs and benefits of allowing a damages action to proceed, "no *Bivens* action may lie." *Id*. at 492. Thus, the Court was correct to conclude that Clark does not have an available *Bivens* remedy.

### 2. *The Court did not err in concluding that relief under the DJA is unavailable given that Clark hasn't stated a viable claim.*

Clark's argument is somewhat difficult to follow here. It appears, however, that Clark contends that the DJA creates an independent cause of action for "'facial' declarations." (Doc. 25, pgs. 21-22). These "facial declarations," ostensibly, would provide no relief other than to provide "everyone" with some "certainty on how to conduct themselves in order to stay within their rights" (Doc. 25, pg. 22-23). In effect, what Clark now seeks is an advisory opinion regarding "what future conduct he can engage in that would be protected by the Constitution." (Doc. 25, pg. 25).

Clark fails to identify any error in the Court's conclusion that relief under the DJA is unavailable in this case. Indeed, it is well-settled that the DJA provides only a remedy for existing causes of action; it does not create an independent cause of action itself. *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022) ("To maintain an action for a

declaratory judgment, then, Nero must assert a valid federal cause of action—one that exists independent of any request for declaratory relief.").

Thus, because Clark "fails to offer a cognizable substantive claim for relief under either § 1983 or *Bivens*," the Court was correct to conclude that "his request for declaratory relief is unavailable." (Doc. 22, pg. 17); *see also Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670, 671 (10th Cir. 2016) ("Because Mr. Long's substantive claims have failed, his request for declaratory relief in relation to those claims is not viable.").

**F.   The Court could not have erred in "not allowing" Clark leave to amend because Clark never sought leave to amend his Complaint.**

First and foremost, the Court could not have erred because Clark did not seek leave to amend his Complaint. And a court is not required to *sua sponte* grant leave to amend before dismissing a case. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (noting that a court is not required to grant leave to amend where a party fails to file a formal motion).

Second, the Court did not err because it appropriately concluded that granting leave to amend would be futile. (Doc. 25, pg. 18). Clark casually suggests that he could add some additional allegation "concerning the enforcement of the challenged provisions." (Doc. 25, pg. 26). But even if he were to do so, it wouldn't matter because he would still fail to state a claim allowing the extension of a *Bivens* claim. In other words, as the Court determined, it would be futile to allow Clark leave to amend.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend and deem Plaintiff's Motion for Leave to Amend moot in light of the denial.

        Respectfully Submitted,

        KATE E. BRUBACHER
        United States Attorney
        District of Kansas

        *s/ Brian E. Vanorsby*
        Brian E. Vanorsby, KS #27606
        Assistant United States Attorney
        United States Attorney's Office
        District of Kansas
        1200 Epic Center, 301 N. Main
        Wichita, Kansas 67202
        Office: 316.269.6481 Fax: 316.269.6484
        E-mail: brian.vanorsby@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to

    Eric S. Clark
    Pro Se Plaintiff

        *s/ Brian E. Vanorsby*
        Brian E. Vanorsby
        Assistant United States Attorney