IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC S. CLARK, )
Plaintiff, )
　　v. ) Case No. 23-2170-JAR-RES
MERRICK GARLAND, *et. al.* )
Defendants. )

## REPLY FOR

## MOTION TO SET ASIDE JUDGMENT

Eight (8) points concerning the Defendants' response (ECF 30) will be addressed below.

**1.** Defendants argue that "Clark may be suggesting, however, that he is able to obtain injunctive and/or declaratory relief against Attorney General Garland in his personal capacity." (ECF 30 at 4)

That is partly correct, but the argument is that prospective relief may be sought against all defendants who were sued in their personal capacity, not just Merrick Garland, but also the several Unknown Government Agents. Defendants addressed those other parties in a footnote which cited to See *Felders v. Bairett*, 885 F.3d 646, 652 (10th Cir. 2018) ("[O]ne becomes a party officially ... only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."). Federal Rules of Civil Procedure Rule 4 provides that "if the plaintiff shows good cause for the failure [to serve timely], the court must extend the time for service for an appropriate period."

1

There cannot be much of a better cause that not yet knowing the names or addresses of the parties to be served and no discovery has yet been engaged in to discover such information.

*Regardless of the unknown parties*, Merrick Garland was not just sued in his official capacity but was also sued in his personal capacity and has waived service. Sovereign Immunity does not apply to Merrick Garland in his personal capacity and prospective relief may be sought against him individually because sovereign immunity does not apply to him in his individual capacity.

**2.** Defendants argued that there was no ' "misapprehension" by the court among the terms "delay/delays/delayed." ' (ECF 30 at 6) because of the statement of the Court "that the delays in Plaintiff's firearm purchases, standing alone, do not constitute concrete injuries." (ECF 30 at 6).

For that to be true, the court's statement *necessarily* represents a conclusion of law that a time delay of 180 days, standing alone, cannot constitute a concrete injury but no precedential merits decision was cited by the Court or by the Defendants which has held that a government caused delay of 180 days of the purchase of a firearm is a permissible delay of an individual's exercise of his/her right to keep and bear arms. And, if this is a new holding (as opposed to citing precedent) then it constitutes a merits decision applied to a motion to dismiss.

Defendants argued in the alternative that "Clark's claims for retrospective

2

relief are barred by sovereign immunity" (ECF 30 at 6) but that is simply not so in regard to Merrick Garland sued in his personal capacity. (See point just above)

Defendant's appear to conclude, without support, that Merrick Garland cannot be sued both in his official capacity and in his individual capacity. This is plainly not so and for purposes of suits those two different capacities act as separate and distinct parties.

3. Defendants argued

> "the Court found that Clark's Complaint and the documents attached thereto—all of which are appropriate to consider on a motion to dismiss—undercut his claim of credible prosecution." (ECF 30 at 7)

CLARK identified the "undercut" analysis of the court as error insofar as it considered the VAF process yet Defendants, while quoting that that "undercut" analysis, fail to addressing the raised error of considering the VAF process. Defendants did not refute that the VAF process is voluntary. Nor did Defendants dispute that if the VAF process were mandatory, that provision would be subject to First Amendment constitutional scrutiny for abridging the right of association.

4. Defendants argued "[t]hose documents make clear that Clark has been able to proceed with his firearm purchases and that every attempt Clark made to appeal a "denial" was granted." (ECF 30 at 7)

That every attempted appeal was granted is immaterial to "time delay" in the

3

exercise of the right to keep and bear arms.

**5.** Defendants argue "§ 922(t) concerns a *federal firearm licensee's* obligation to conduct a background check through the NICS." (ECF 30 at 7)

What Defendants fail to account for is the actions of the government agents acting in accordance with 922(t) can be the proximate cause of violating the federal right of individuals to keep and bear arms. The government may not do indirectly what it is prohibited from doing directly. Application of of § 922(t) in relation to an FFL is attributable as the moving force (albeit through indirect action) for violating a fundamental constitutional right which the government is prohibited from doing. That an FFL is under threat of enforcement of a $5,000.00 penalty provision places the FFL under coercion of the government such that the FFL's coerced actions are attributable to state action. As example, if the government enacted a provision which required (under threat of penalty) newspaper publishers to refrain from selling any copies of their newspaper to individuals unless the newspaper publisher first receives a "proceed" status from the FBI, then that regulation would be the moving force of a violation of an individual's fundamental right to gather information even though the government action is taken in accordance with a statutory provision that does not *directly* apply to individuals. That is, the violation of a federal right is still "fairly traceable" to the government. Under § 922(t), the government action (either providing or withholding a

4

"proceed") may be *indirect* in relation to the individual but "[i]t is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." *Boyd v. United States*, 116 U.S. 616 (1886). And because the firearms regulations of § 922(t) implicate the plain text of the Second Amendment, the regulation must be consistent with the nation's historical tradition of firearms regulation.

    **6.** Defendants argue, in reference to § 922(g)(3) that

> "Clark readily admits he has not yet purchased a controlled substance. And the Complaint does not contain any allegation of past or future enforcement of this statutory provision against him." (ECF 30 at 8)

and likewise argue, in relation to § 922(k) that

> "Clark also, again, failed to allege in his Complaint that there was some past or future enforcement of this statutory provision against him." [...] "The Complaint does not contain any allegation of past or future enforcement of this statutory provision against him." (ECF 30 at 8)

This "against him" is irrelevant as CLARK need not personally risk criminal prosecution to challenge the provision unless Defendant has disavowed any intention of invoking the provision against him. CLARK shows an intention to engage in conduct arguably affected with a constitutional interest but that the statute proscribes and the threat of prosecution is generally credible where a challenged provision on its face prohibits the conduct in which plaintiffs wish to

5

engage, and the government has not disavowed any intention of invoking the provision against them. *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 901 (10th Cir. 2016); *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 302 (1979); see, e.g., *Holder v. Humanitarian Law Project*, 561 U.S. 1, 16 (2010) (plaintiffs alleged credible threat of prosecution where government did not argue plaintiffs would not be prosecuted if "they do what they say they wish to do"); *Cressman v. Thompson*, 719 F.3d 1139, 1145 (10th Cir. 2013) (threat of prosecution credible where state officials informed plaintiff he could be prosecuted for disobeying challenged statute).

**7.** Defendants offer in a foot note that "[a]s Defendant argued in his Motion to Dismiss, Clark's claims also fail on the merits." (ECF 30 at 8) Addressing the merits at the motion to dismiss stage is irrelevant as it is error to address the merits without converting the motion to one for summary judgment.

**8.** Defendants argue "the Court did not err because it appropriately concluded that granting leave to amend would be futile." (ECF 30 at 12)

It would not be futile to amend to assert jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701, et seq.

Congress enacted a partial waiver of the sovereign immunity defense as to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, et seq.

By Pub. L. No. 94-574, Act of October 21, 1976, 90 Stat. 2721, 5 U.S.C. § 702 was amended to provide that an ("action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.") In addition, 5 U.S.C. § 703 has been amended to allow suit to be brought against the United States or any of its agencies or officers. The sovereign immunity defense has been withdrawn only with respect to actions seeking specific relief other than money damages, such as an injunction, a declaratory judgment, or a writ of mandamus. *Bowen v. Massachusetts*, 487 U.S. 879 (1988).

Respectfully submitted,

Eric S. Clark
1430 Dane Ave
Williamsburg, Kansas 66095

## CERTIFICATE OF SERVICE

I hereby certify that service was made by

mailing true and correct copies of the foregoing

REPLY FOR MOTION TO SET ASIDE JUDGMENT

by deposit in the United States Mail, Postage prepaid,

on February 9, 2024

addressed to:

Christopher Allman
500 State Ave., Suite 360
Kansas City, KS 66101

and

Brian E. Vanorsby
1200 Epic Center
301 N. Main
Wichita, Kansas 67202


Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904