FILED
U.S. District Court
District of Kansas
APR 01 2024
Clerk, U.S. District Court
By_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC S. CLARK, )
Plaintiff, )
)
v. ) Case No. 23-2170-JAR-RES
MERRICK GARLAND, *et. al.* )
Defendants. )

## NOTICE OF SUPPLEMENTAL AUTHORITY

Two portions of the holding of the recent case of *Federal Bureau of Investigation et al. v. Fikre*, 601 U. S. \_\_\_\_ (2024) are relevant to the ruling (ECF 22) on the motion to dismiss.

1) "The Constitution grants federal courts jurisdiction to decide "Cases" or "Controversies." Art. III, §§1, 2. A court with jurisdiction has a "virtually unflagging obligation" to hear and resolve questions properly before it. " [ . . . ] "The limited authority vested in federal courts to decide cases and controversies means that they may no more pronounce on past actions that do not have any "continuing effect" in the world than they may shirk decision on those that do." *Id.*

The existence of 18 U.S.C. 922 and defendants future actions which will be taken pursuant to it are likely to have "continuing effect" on Plaintiff's fundamental constitutional rights and this court's authority to decide the constitutionality of the authority for those future actions should not be shirked. See ECF 13 at 15:

> "ECF 12-1 at ¶11) c. effectively confirms that CLARK will continue to be "Delayed" albeit possibly, at times, for less than 24 hours."

> 2) "The government contends that because Mr. Fikre has been delisted since 2016 and has presumably interacted freely with his co-religionists during that time, it is unlikely he will face relisting in the future. This too is insufficient to warrant dismissal. A defendant's speculation about a plaintiff's actions cannot make up for a lack of assurance about its own. The burden here is on the defendant to establish that it cannot reasonably be expected to resume *its* challenged conduct, see *West Virginia* v. *EPA*, 597 U. S. 697, 719, and nothing the government offers here satisfies that formidable standard." *Id.* (emphasis in original)

Rather than establishing that defendant's challenged conduct will recur, defendants helped to establish that the challenged conduct is very likely to recur through defendants offering of a suggestion to "help prevent future extended delays" See ECF 12-1 at ¶12. The court weighed that suggestion nearly the exact opposite by finding that it "undercuts, rather than supports, his claim of a credible threat of denial and delay associated with future intended firearm purchases." (ECF 22 at 12) but that opposite weight was mistakenly applied in that it rested on a presumption that Plaintiff would not exercise his right to freedom of association by declining to follow the offered suggestion and Plaintiff gave information which would support a reasonable inference that Plaintiff would not follow the suggestion. See ECF 13 at 15:

> "The assertion that CLARK "failed to follow through with the requisite appeal process" (ECF 12 at 8) should be taken with a grain of salt. And that the Affidavit "advises Plaintiff of the VAF process, so as to avoid any delays." (ECF 12 at 8)" is spurious in that an act of advising has no effect on avoiding any delays. There are certainly valid reasons for not voluntarily seeking to be placed onto a government list such as the VAF."

The body of this notice does not exceed 350 words.

Respectfully submitted,

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

## CERTIFICATE OF SERVICE

I hereby certify that service was made by

mailing true and correct copies of the foregoing

NOTICE OF SUPPLEMENTAL AUTHORITY

by deposit in the United States Mail, Postage prepaid,

on March 25, 2024

addressed to:

Christopher Allman
500 State Ave., Suite 360
Kansas City, KS 66101

and

Brian E. Vanorsby
1200 Epic Center
301 N. Main
Wichita, Kansas 67202

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904