## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ERIC S. CLARK,**

     **Plaintiff,**

     **v.**

**MERRICK GARLAND et al.,**

     **Defendants.**

**Case No. 23-2170-JAR-RES**

## MEMORANDUM AND ORDER

Plaintiff Eric S. Clark filed this pro se lawsuit challenging various provisions of 18 U.S.C. § 922 as violative of the Second Amendment. He sought damages, as well as injunctive and declaratory relief, against Attorney General Merrick Garland and six unknown federal government agents. In a January 16, 2024 Memorandum and Order, the Court granted Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and alternatively under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Before the Court are several motions filed by Plaintiff related to the Court's January 16 Order: Motion for Leave to File Excess Pages (Doc. 24), Motion to Set Aside Judgment (Doc. 25); and three Motions to Amend Complaint (Docs. 27, 28, and 35). All of these motions are ripe and the Court is prepared to rule.[2] As described more fully below, the Court grants Plaintiff's motion to exceed the page limit on his motion to set aside. The Court denies Plaintiff's motions to set aside judgment and for leave to amend.

---

[1] Doc. 22.

[2] The Court has also considered Plaintiff's Notice of Supplemental Authority, filed on April 1, 2024. *See* Doc. 33.

## I.    Background

The Court incorporates by reference the factual background set forth in its January 16 Order.  Plaintiff generally alleged in his Complaint that 18 U.S.C. § 922 is unconstitutional.  Specifically, he claimed that the background check provisions in § 922(t), the prohibition on possessing a firearm "which has had the importer's or manufacturer's serial number removed, obliterated, or altered" in § 922(k), and the prohibition on "an unlawful user of . . . any controlled substance" possessing a firearm in § 922(g)(3) all violate the Second Amendment on their face and as applied to him.  Plaintiff prayed for the following relief: (1) a declaration that the provisions at issue violate the Second Amendment under the Declaratory Judgment Act; (2) nominal damages, injunctive, and equitable relief under 42 U.S.C. § 1983; and (3) compensatory, injunctive, and equitable damages as a "private right of action for injunctive relief and equitable relief" under *Bivens*.  Plaintiff's claims are based on his past experience attempting to purchase firearms as a convicted felon whose rights have been restored, and on his future intention to purchase firearms, use a controlled substance, and obliterate a serial number in the course of restoring a firearm.

In its January 16 Order, the Court found that it lacked subject matter jurisdiction over Plaintiff's claims on two grounds.  First, the Court found that Plaintiff's claims against the United States for damages, and for retrospective injunctive and declaratory relief are barred by the doctrine of sovereign immunity.  Second, the Court found that Plaintiff lacked standing because he had not alleged an injury-in-fact.  Assuming that Plaintiff could establish subject matter jurisdiction, the Court found that Plaintiff also failed to state a claim upon which relief can be granted.  First, his individual-capacity claims against the federal actors under § 1983 and *Bivens* are not cognizable.  And second, without a cognizable claim under § 1983 or *Bivens*,

Plaintiff could not assert a claim under the Declaratory Judgment Act.  Finally, the Court found

that granting Plaintiff leave to amend (despite his failure to request it) was not warranted.  The

Clerk entered judgment in favor of Defendants.[3]

Plaintiff now challenges the Court's rulings in the January 16 Order on several grounds,

and asks for leave to amend to cure the deficiencies identified by the Court in its January 16

Order.

## II.    Standards

Because Plaintiff proceeds pro se, the Court is mindful that it must construe his pleadings

liberally and apply a less stringent standard than which is applicable to attorneys.[4]  Plaintiff

states that he moves for relief under Rule 60(b), which provides that the Court may relieve a

party from final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence,
could not have been discovered in time to move for a new trial
under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is
based on an earlier judgment that has been reversed or vacated; or
applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[5]

---

[3] Doc. 23.

[4] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[5] Fed. R. Civ. P. 60(b).

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[6]  The Court has discretion when granting a motion for relief from an order or judgment under Rule 60(b).[7]

Although Plaintiff only invokes Rule 60(b), most of his arguments contend that the Court misapprehended the law or facts, or that it committed clear error.  A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[8]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[9]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[10]  Like motions under Rule 60(b), motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]  And whether to grant a motion to reconsider is left to the Court's discretion.[12]

Because Plaintiff's arguments invoke the standards in Rule 59(e), under the liberal pleading standard, the Court considers Plaintiff's motion under both Rule 59(e) and Rule 60(b).[13]

---

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7] *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

[8] *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[9] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete*, 204 F.3d at 1012).

[10] Servants of the Paraclete, 204 F.3d at 1012.

[11] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[12] Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp., 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing In re Motor Fuel Temp. Sales Pracs. Litig., 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[13] Plaintiff's motion was filed within the 28-day filing limit under Rule 59(e).

### III.     Discussion

Plaintiff raises the following points of error: (1) the Court incorrectly applied sovereign immunity to the individual-capacity claims against Defendants; (2) the Court misapprehended his allegations and claims in finding that he lacked standing; (3) the Court incorrectly determined his *Bivens* claim was not cognizable; (4) the Court failed to consider his facial challenge to § 922 under the Declaratory Judgment Act; and (5) the Court should have allowed him leave to amend to correct the deficiencies identified in the Order.  The Court addresses each in turn.

#### A.     Sovereign Immunity

The Court determined that "sovereign immunity barred Plaintiff's claims for monetary damages and for retrospective injunctive and declaratory relief against the United States."[14] Plaintiff argues it was error for the Court to apply sovereign immunity to Defendants in their personal capacities.

The Court's Order applied sovereign immunity to the official-capacity claims against Defendants, which are claims against the United States.[15]  An action alleging that an official engaged in "wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."[16]  Suits for damages against the United States are barred by the doctrine of sovereign immunity.[17]  Moreover, "*Ex parte Young* 'may not be used to obtain a declaration that a[n] . . . officer has violated a plaintiff's federal rights in the past.'"[18]

---

[14] Doc. 22 at 8.

[15] *See Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Larson v. Domestic & Foreign Com. Corp.,* 337 U.S. 682, 687–88 (1949)).

[16] *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (citation omitted).

[17] *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985).

[18] *Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019) (quoting *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998)).

The Court did not apply sovereign immunity to Plaintiff's individual-capacity claims. Thus, there was no error in the Court's ruling that Plaintiff's claims against the United States are barred by the doctrine of sovereign immunity except to the extent he seeks prospective injunctive relief.

### B.       Standing

Next, Plaintiff argues that the Court erred in finding he lacked standing to challenge 18 U.S.C. § 922. He argues that: (1) the Court improperly considered evidence outside the pleadings regarding the Voluntary Appeal File ("VAF") process without converting the motion to a summary judgment motion; (2) the Court misapprehended his alleged injury as to past firearm purchases by failing to consider the delay in exercising his right to bear arms due to the background check process; (3) the Court erred in relying on his lack of criminal prosecution when finding no injury as to his pre-enforcement claims; and (4) the Court should consider new evidence developed since the Court's July 16 Order.

### 1.       Past Attempts to Purchase Firearms

In the Court's January 16, Order, it discussed the FBI's instructions to Plaintiff about how to follow the VAF procedure after he appealed his background check denial. These instructions provided him with a website to register under this alternative process, which the FBI advised would avoid him being subject to future denials and delays on account of his prior felony. The Court drew a reasonable inference that Plaintiff did not follow this procedure, an inference Plaintiff does not dispute. The Court found that Plaintiff did not suffer concrete injuries from enforcement of 18 U.S.C. § 922(t) based on his past purchases of firearms because he was ultimately approved to purchase the firearms each time and provided with a method to avoid delays and denials and chose not to follow it.

As an initial matter, Plaintiff argues that the Court erred by considering matters outside the pleadings when it considered standing.  Specifically, Plaintiff argues that the Court should not have considered the letters attached to Plaintiff's Complaint and Defendants' motion to dismiss which showed that he was offered an alternative VAF procedure that would have allowed him to circumvent the background check process that he alleges caused his past denials and delays when attempting to purchase firearms.  Defendants respond that the Court was permitted to consider these materials because they address jurisdictional facts, and not the merits under Rule 12(b)(6).

The Court agrees with Defendants.  As explained in the January 16 Order, standing is jurisdictional.[19]

> When a party challenges the allegations supporting subject-matter jurisdiction, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts . . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]."[20]

Moreover, even if the facts underlying the standing inquiry are considered to be intertwined with the merits of the action, requiring conversion from a Rule 12(b)(1) motion to a Rule 12(b)(6) motion,[21] the Court would have considered this evidence without further converting it to a summary judgment motion.  First, the Court was permitted to consider the Complaint along with all attachments to the Complaint on a Rule 12(b)(6) motion under Fed. R.

---

[19] *See, e.g.*, *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (quoting *Felix v. City of Bloomfield*, 841 F.3d 848, 854 (10th Cir. 2016)).

[20] *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001)).

[21] See id.

Civ. P. 10.  Second, because the background check responses are discussed in the Complaint, are central to Plaintiff's claims in the case, and neither party disputed their authenticity, the Court could consider them without converting the motion to one for summary judgment.[22]

Plaintiff suggests he should not have been required to address the alternate VAF procedure in his Complaint, but the Court disagrees to the extent he alleges that he was injured after he received these instructions in 2021, or that there is a substantial threat of future enforcement.  This procedure was designed to allow purchasers like Plaintiff who have had their rights restored to avoid delays and denials during the background check process.  The Court found that Plaintiff failed to demonstrate a concrete and particularized injury with respect to his past attempts to purchase firearms because the FBI background check denials were all reversed, and because Plaintiff failed to identify the injury caused by the delay in the background check process.

Plaintiff argues that the Court failed to sufficiently address his claimed injury based on the delay associated with the background check process.  Assuming that the Court erred by neglecting to find Plaintiff suffered an injury-in-fact due to the delay associated with the FBI's background check system, it would still have dismissed his case because Plaintiff failed to state a claim upon which relief can be granted under *Bivens* and the Declaratory Judgment Act, as discussed below.

## 2.    Pre-Enforcement Challenges

In addition to the claimed injury associated with his past attempts to purchase firearms,

---

[22] *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) ("The 'usual rule' is 'that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss,' . . . [but] 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.' (alteration omitted) (first quoting *Alvarado v. KOB-TV, LLC*, 493 F.3d 1201, 1215 (10th Cir. 2007); and then quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002))).

Plaintiff brought pre-enforcement challenges to all three provisions in § 922 on the basis that he intends to purchase firearms in the future, to use marijuana, and to obliterate a firearm's serial number.  As the Court explained, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur."[23]  To meet this standard, Plaintiff was required to allege that he has "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder."[24]

Plaintiff argues that he should not have to risk prosecution in order to challenge § 922(t). Plaintiff is correct, and the Court found that his Complaint sufficiently alleged the first part of the requisite test—an intention to engage in conduct proscribed by the § 922(t), (k), and (g)(3). But the Court found no facts alleged that he faced a *credible threat of prosecution*.  Plaintiff could not be prosecuted under § 922(t), since that statute imposes obligations on the Federal Firearms Licensees ("FFLs").  And he failed to allege sufficient facts to suggest he would be prosecuted under either § 922(k) or (g)(3).  Moreover, given the VAF procedure that would have allowed Plaintiff to circumvent the cumbersome background check system he alleges was triggered by his felony record, he has the option of avoiding the background check delays in the future, but chooses not to do so.  Plaintiff argues that availing himself of the VAF procedure violates his right to freedom of association rights under the First Amendment, but these are conclusory assertions and were not presented to the Court in the first instance.

Finally, even if the Court agrees with Plaintiff that it erred by neglecting to find he suffered an injury-in-fact based on conduct he intends to engage in that is proscribed by statute,

---

[23] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415 n.5 (2013)).

[24] *Id.* at 159 (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

Plaintiff fails to state a claim upon which relief can be granted under *Bivens* and the Declaratory Judgment Act, as discussed below.

### C.      Failure to State a Claim

Plaintiff also challenges the Court's finding that he fails to state a claim upon which relief can be granted.  Plaintiff concedes that he may not seek relief against these federal Defendants under 42 U.S.C. § 1983, but he argues that the Court erred in finding that a cause of action under *Bivens* is not cognizable, and in failing to address his claims that § 922(g)(3), (k), and (t) are facially unconstitutional under the Declaratory Judgment Act.  The Court finds no error or manifest injustice associated with its rulings under Rule 12(b)(6).  Even if Plaintiff had sufficiently alleged facts to support standing, the Court would have dismissed Plaintiff's remaining claims for failure to state a claim under Rule 12(b)(6).

### 1.      Bivens

Plaintiff argues that the Court erred in finding that there is no implied right under *Bivens* to seek relief against federal officials in their individual capacity for violations of the Second Amendment.  The Court finds no clear error in its ruling.  The Tenth Circuit has described the expansion of *Bivens* as "impermissible in virtually all circumstances."[25]  The Supreme Court has not extended *Bivens* to the Second Amendment context,[26] and Plaintiff presents no argument in his motion to reconsider that persuades the Court that it should do despite the lack of

---

[25] *Silva v. United States*, 45 F.4th 1134, 1140–41 (10th Cir. 2022) (citing *Egbert v. Boule*, 596 U.S. 482, 498–99 (2022)).

[26] *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted) (stating the limited contexts where the Court has extended *Bivens*); *Meeks v. Larsen*, 611 F. App'x 277, 286 (6th Cir. 2015) (explaining that there is no authority for extending *Bivens* to the Second Amendment and that special factors counsel against doing so); *Cronk v. FBI*, No. 22 CV 51, 2023 WL 6064925, at *2 (N.D. Ind. Sept. 18, 2023) ("Indeed, only a handful of courts have even addressed the question, with all of them declining to extend *Bivens* into the Second Amendment context.").

Congressional action and the alternative remedial structure provided under the Brady Act regulations.[27]

### 2.    Declaratory Judgment Act

Plaintiff argues that his final cause of action asserted under the Declaratory Judgment Act should not have been dismissed as to his facial challenges to § 922(g)(3), (k), and (t).  Again, Plaintiff fails to identify clear error in the Court's ruling.  Plaintiff has no remaining cognizable claim for relief against these Defendants, either in their official or individual capacities.[28] Regardless of whether Plaintiff brings facial or as-applied challenges to the statute, the Declaratory Judgment Act does not provide him with an independent claim.[29]  "[T]he Declaratory Judgment Act is procedural only."[30]  Therefore, in the absence of a cognizable claim under *Bivens* for monetary relief, Plaintiff cannot seek declaratory relief alone under the Declaratory Judgment Act.

### D.    Leave to Amend

Plaintiff's last point of error is that the Court improperly denied him leave to amend.  He asserts that many of the errors cited by the Court are curable and submits a proposed amended pleading for the Court's review, as well as three separate motions for leave to amend.  As discussed above, however, even if the Court determined that Plaintiff could cure the standing problem by alleging additional facts, he could not overcome the fact that there is no implied right

---

[27] *Silva*, 45 F.4th at 1141 (explaining that under *Egbert*, courts should dispose of *Bivens* claims because "Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs." (quoting *Egbert*, 596 U.S. at 1804)).

[28] Under *Bivens*, Plaintiff could only recover money damages.  403 U.S. 388, 410 (1971) (Harlan, J. concurring); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007).

[29] *Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670, 671 (10th Cir. 2016).

[30] *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671 (1950) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)).

of action against federal officials under *Bivens* for violations of the Second Amendment.  And because there is no claim under *Bivens*, Plaintiff cannot maintain a standalone claim under the Declaratory Judgment Act.  There are no additional facts Plaintiff could allege that would overcome these hurdles.

Therefore, the Court must deny Plaintiff's post-judgment motions for leave to amend. "After a district court enters a final judgment, as occurred here, it may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)."[31]  As described above, because the Court finds no cause to set aside or vacate judgment under either Rule 59(e) or Rule 60(b), it must deny Plaintiff's motions for leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Excess Pages (Doc. 24) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Aside Judgment (Doc. 25) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's three Motions to Amend Complaint (Docs. 27, 28, 35) are **denied**.

**IT IS SO ORDERED.**

Dated: May 30, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[31] *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) (citing *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)).